# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal Action No. 2023-0003** |
| | ) | |
| LUIS MENOCAL-MERO, | ) | |
| CARLOS BAQUE-PINCAY, and | ) | |
| CARLOS ANCHUNDIA-MERO, | ) | |
| | ) | |
| Defendants. | ) | |

**Attorneys:**
**Daniel H. Huston, Esq.**
St. Croix, U.S.V.I.
   *For the United States of America*

**Carlos Sanchez-La Costa, Esq.**
San Juan, Puerto Rico
   *For Defendant Luis Menocal-Mero*

**Gabriel J. Villegas, Esq.**
**Matthew Campbell, Esq.**
   *For Defendant Carlos Baque-Pincay*

**Anthony R. Kiture, Esq.**
St. Croix, U.S.V.I.
   *For Defendant Carlos Anchundia-Mero*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendants Luis Menocal-Mero and Carlos Anchundia-Mero's (collectively, "the Mero Defendants") "Motion to Suppress Evidence for Violation of the Fourth Amendment Because of the Illegal Stop of the Vessel by Excessive Force" ("Motion to Suppress").[1] (Dkt. No. 62). In response, the Government filed an Opposition thereto

---

[1] Defendant Anchundia-Mero filed a Notice of Joinder asserting that he "adopts all points contained in the Motion to Suppress Evidence to the extent that they apply to him." (Dkt. No. 65).

(Dkt. No. 69), and the Mero Defendants filed a Reply[2] (Dkt. No. 77). For the reasons stated below, the Court will deny the Motion to Suppress.

## I.   FACTUAL BACKGROUND

On March 16, 2023, the Government commenced the instant action by filing a Criminal Complaint ("Complaint") against Defendants. (Dkt. No. 1). According to the Affidavit attached to the Complaint, on or about March 8, 2023, the United States Coast Guard ("USCG") intercepted a go-fast vessel off the coast of the Galapagos Islands, Ecuador. (Dkt. No. 1-1 at ¶ 9). After the USCG fired warning shots, the vessel stopped, and "objects/papers" were observed being thrown overboard the vessel. *Id.* at ¶ 10. After the USCG conducted right of visit boarding, three individuals—Defendants Luis Menocal-Mero, Carlos Baque-Pincay, and Carlos Anchundia-Mero—were discovered on the vessel with a member of the crew making a claim of Ecuadorian nationality. *Id.* at ¶ 10, 11, 12. Because Ecuador "could neither confirm nor deny nationality of the vessel," the vessel was determined to be subject to the jurisdiction of the United States. *Id.* at ¶ 10. On board, the USCG located 30 bales and 75 kilograms of suspected cocaine, with an approximate sea-weight of 800 kilograms, which was confirmed to have the presence of cocaine. *Id.* at ¶ 12.

On April 14, 2023, the Government filed a two-Count Indictment against Defendants. (Dkt. No. 12). The Indictment charged Defendants with: (1) conspiracy to possess a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States; (2) possession of a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States and aiding and abetting (Count 2). *Id.* The Government alleged

---

[2] On October 5, 2023, the Court directed the Mero Defendants to file a Reply, individually or jointly, with supporting authorities to address the arguments in the Government's Opposition. (Dkt. No. 73). Because Defendant Anchundia-Mero joined in Defendant Menocal-Mero's Motion to Suppress and the Motion for an Extension of Time to File the Reply, the Court will consider that Defendant Anchundia-Mero also joins in the Reply.

that Defendants acted in violation of Title 46, United States Code, Sections 70502 (c)(1)(A), 70503 (a)(1), 70504(b)(2), 70506(a), 70506(b), Title 18, United States Code Section 2, and Title 21, United States Code Section 960(b)(1)(B)(ii). *Id.*

The Mero Defendants filed the instant Motion to Suppress, arguing that the Government—through the conduct of the USCG in interdicting the vessel—violated the Fourth Amendment. (Dkt. No. 62 at 1-4). Specifically, the Mero Defendants assert that law enforcement used excessive force by firing 19 warning shots from a helicopter in front of the vessel while Defendants were unarmed. *Id.* at 1. The Mero Defendants maintain that the Court must assess whether the amount of force used was reasonable and request that the Court hold an evidentiary hearing to make factual findings in consideration of whether the evidence obtained during the seizure of the vessel should be suppressed. *Id.* at 4.

The Government filed an Opposition. (Dkt. No. 69). Citing Supreme Court and federal appellate authority, the Government argues that the Fourth Amendment does not apply in this matter because Defendants are foreign nationals who were intercepted in international waters on a stateless or foreign vessel. *Id.* at 3-5. The Government further argues that even if the Fourth Amendment applied, the USCG's use of force was "objectively reasonable, not excessive, and would not have violated the Fourth Amendment." *Id.* at 3-4.

In their Reply, the Mero Defendants maintain, *inter alia,* that that the Fourth Amendment applies to the conduct of law enforcement and military personnel in its use of excessive force in international waters. (Dkt. No. 77 at 2). Further, the Mero Defendants argue that the legal authority cited by the Government addresses only search and seizure under the Fourth Amendment, which they assert should not apply to the use of excessive force by law enforcement agents against a foreigner in international waters. *Id.* at 3. The Mero Defendants also assert that they were "entitled

3

to protection under basic norms of due process and international law not to be fired upon by a U.S. Navy helicopter while traveling in international waters." *Id*. at 4. Lastly, the Mero Defendants reject the Government's argument that the amount of force used was reasonable. *Id.* at 4-5.

## II. DISCUSSION

### I. Evidentiary Hearing

As a preliminary matter, the Court finds that an evidentiary hearing is not necessary for purposes of ruling on the instant Motion to Suppress. As the Third Circuit has explained, "Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure permits defendants to file 'motions to suppress evidence' before trial, but evidentiary hearings on such motions are not granted as a matter of course." *United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010) (citing Rule 12(c) of the Federal Rules of Criminal Procedure (noting that the court "may" schedule a motion hearing). "A motion to suppress requires an evidentiary hearing only if the motion is sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim, and (2) there are disputed issues of material fact that will affect the outcome of the motion to suppress." *Id*. (citing *United States v. Voigt,* 89 F.3d 1050, 1067 (3d Cir. 1996) (stating that a claim is "colorable" if it consists "of more than mere bald-faced allegations of misconduct"); *United States v. Brink*, 39 F.3d 419, 424 (3d Cir. 1994) (requiring evidentiary hearing when a defendant states a colorable claim that the government obtained evidence by violating his constitutional rights). The purpose of an evidentiary hearing on a suppression motion "is to assist the court in ruling upon a defendant's specific allegations of unconstitutional conduct—its purpose is not to assist the moving party in making discoveries that, once learned, might justify the motion after the fact." *Hines*, 628 F.3d at 105.

The Court will deny Defendants' request for an evidentiary hearing. As discussed *infra*, the Court finds, as a matter of law, that, the Fourth Amendment does not apply under the circumstances presented in this matter. Thus, the Mero Defendants have failed to properly raise a colorable constitutional claim. Further, the Mero Defendants do not dispute any material facts so as to warrant an evidentiary hearing, as Defendants have not pointed to any material fact in dispute regarding the interdiction of Defendants' vessel. The only issue presented is the constitutionality of the force used to stop Defendants' vessel. *See Hines*, 628 F.3d at 106 (explaining that an evidentiary hearing is unnecessary where the defendant's suppression motion "agreed with the version of events that the government put forward"); *United States v. Chambers*, No. CR 21-146, 2022 WL 3577913, at *3 (W.D. Pa. Aug. 19, 2022) (denying evidentiary hearing and deciding suppression motion on the record where the motion did not identify material facts contrary to the government's version of facts set forth in affidavit in support of the criminal complaint); *United States v. Brown*, No. CR 15-182, 2017 WL 3593883, at *11 (W.D. Pa. Aug. 21, 2017) (denying evidentiary hearing since defendant's motion did not present a colorable constitutional claim, raise a material fact, or dispute the version of events in the agent's affidavit). Further, the Mero Defendants do not raise any dispute with regard to the facts that bear on the question of whether the Fourth Amendment applies, specifically the nationality of the Mero Defendants and the fact that they were arrested in international waters.[3]

---

[3] In their Reply, filed by Defendant Menocal-Mero, the Mero Defendants acknowledge that Mr. Menocal-Mero is a foreigner. (Dkt. No. 77 at 3). Further, Defendant Anchundia-Mero has not raised any facts that contest the Government's assertion that he is "of Ecuador." (Dkt. No. 1-1 at 2). The Mero Defendants also state that "the boat was outside of Ecuador in international waters thousands of miles from the United States." (Dkt. No. 77 at 5).

Because the Mero Defendants fail to properly raise a colorable constitutional claim or any disputed issues of material fact, the Court will deny the Mero Defendants' request for an evidentiary hearing on the Motion to Suppress.

## II. Merits of the Motion to Suppress

Turning to the merits of the Motion, the threshold issue presented is whether the Fourth Amendment applies to the Mero Defendants' excessive force claim where both Defendants are non-citizens of the United States who were arrested in international waters. The Court finds that the Fourth Amendment does not apply, and will therefore deny the Motion to Suppress.

In *United States v. Verdugo-Urquidez,* 494 U.S. 259 (1990), the Supreme Court found that the Fourth Amendment did not apply to a warrantless search in Mexico of a Mexican citizen's residence conducted by United States law enforcement agents while he was detained in American custody. *Id.* at 274-275. The Court noted that because the defendant was a non-citizen and non-resident without any voluntary connection to the United States, the Fourth Amendment did not apply to the search conducted in Mexico. *Id*. The Court concluded that the Fourth Amendment's purpose was to "protect the people of the United States against arbitrary action by their own Government [and] it was never suggested that the provision was intended to restrain the actions of the Federal Government against aliens outside of the United States territory." *Id.* at 266. The Court further noted that there is "no indication that the Fourth Amendment was understood by the contemporaries of the Framers to apply to activities of the United States directed against aliens in foreign territory or in international waters." *Id.* at 267.

While the Third Circuit has not squarely decided the issue[4], the weight of appellate authority has found that *Verdugo-Urquidez* precludes Fourth Amendment challenges involving non-citizen/non-resident aliens arrested in international waters or a foreign country. *See, e.g.*, *United States v. Cabezas-Montano*, 949 F.3d 567, 593 (11th Cir. 2020) (citing *Verdugo-Urquidez* in concluding that the Fourth Amendment has no application where non-citizen/non-resident defendant challenged the delay in his presentment to United States law enforcement authorities on Fourth Amendment grounds); *United States v. Vilches-Navarrete*, 523 F.3d 1, 13 (1st Cir. 2008) (upholding denial of defendant's Fourth Amendment challenge based on Coast Guard's actions because he was Chilean; not residing in the United States; and was in international waters when approached by the United States Coast Guard); *United States v. Bravo*, 489 F.3d 1, 8-9 (1st Cir. 2007) (affirming district court's denial of defendants' motion to suppress evidence seized from their vessel on international waters because, under *Verdugo-Urquidez*, "the Fourth Amendment does not apply to activities of the United States against aliens in international waters"); *United States v. Zakharov*, 468 F.3d 1171, 1179-80 (9th Cir. 2006) (holding that, because the alleged unconstitutional delay took place outside of the United States in international waters and there was no suggestion that Zakharov, as neither a United States citizen nor United States resident, had any substantial connection to the United States, the Fourth Amendment did not apply); *United States v. Kurdyukov*, 48 Fed. Appx. 103 (5th Cir. 2002) (finding that defendant "cannot receive the protections of the Fourth Amendment" where defendant was a Ukrainian national and search of vessel occurred in international waters).

---

[4] In *U.S. v. Martinez-Hidalgo*, the Third Circuit found that the defendant's Fourth Amendment search and seizure claim was waived because the defendant, a Colombian national who was arrested in international waters, had not filed a motion to suppress. 993 F.2d 1052, 1057-58 (3d Cir. 1993). Citing to *Verdugo-Urquidez*, the Third Circuit noted that it was not by "[its] procedural disposition implying that there would have been merit to the claim." *Id.* at 1058, n.11.

7

Defendants argue in their Reply that *Verdugo-Urquidez*, along with its progeny, is inapplicable because those cases involve Fourth Amendment challenges regarding the constitutionality of a search, while Defendants raise an excessive force claim. (Dkt. No. 77 at 2). However, the constitutionality of an excessive force claim comes under the purview of the Fourth Amendment.[5] *Jefferson v. Lias*, 21 F.4th 74, 78 (3d Cir. 2021) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons ... against unreasonable ... seizures' of the person.")). Thus, the Mero Defendants' attempt to distinguish other Fourth Amendment cases from excessive forces cases (Dkt. No. 77 at 3-4) is unavailing. Moreover, the Court is unaware of—and the Mero Defendants have not cited—any legal authority for the proposition that the Fourth Amendment applies to excessive force claims by non-citizens outside the United States.

---

[5] The Mero Defendants also argue that they are "at the very least entitled to protection under the basic norms of due process and international law not to be fired upon by a U.S. Navy helicopter while traveling in international waters." (Dkt. No. 77 at 4). However, the Supreme Court has held that excessive force claims "should be analyzed under the Fourth Amendment's 'reasonableness' standard, rather than under the 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims."). Thus, the Mero Defendants cannot escape having their claim analyzed under the Fourth Amendment.

Further, while the Mero Defendants reference international law principles—"right of visit" and the United Nations Charter, Article 2, Paragraph 4 (Dkt. No. 77 at 5)—in arguing against the use of warning shots by U.S. military personnel against a foreign vessel traveling in international waters, the Mero Defendants do not provide any legal authority as to the applicability of these principles to the facts of this case.

In view of the foregoing, the Court will deny the Mero Defendants' Motion to Suppress.[6]

## IV. CONCLUSION

In view of the foregoing, the Court will deny Defendants Luis Menocal-Mero and Carlos Anchundia-Mero's "Motion to Suppress Evidence for Violation of the Fourth Amendment Because of the Illegal Stop of the Vessel by Excessive Force." (Dkt. No. 62).

An appropriate Order accompanies this Memorandum Opinion.

Date: June 5, 2024

/s/
WILMA A. LEWIS
District Judge

---

[6] Because the Court finds that the Fourth Amendment does not apply under the circumstances presented and this issue is dispositive of the Mero Defendants' Motion to Suppress, the Court does not reach the question of whether the use of force in this matter was objectively reasonable.